IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-693-F

| | |
|---|---|
| WILTON LOYD KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CMH HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court upon the motion of Defendant CMH Homes, Inc. ("Defendant") to compel discovery. [DE–17]. Plaintiff Wilton Loyd King ("Plaintiff") has not responded to the motion and the time for doing so has expired. Defendant's motion is ripe for decision. For the reasons set forth below, Defendant's motion is ALLOWED.

## BACKGROUND

On July 29, 2016, the Clerk of Court entered an Order for Discovery Plan in this matter. [DE-10]. Within the order, the Clerk of Court directed that initial disclosures "must be made within fourteen (14) days after the Rule 26(f) conference unless (1) a different time is set by stipulation of parties or court order, or (2) a party objects during the 26(f) conference and states the objection and the response thereto in the discovery plan." *Id.* at 1. The parties were also notified that "[f]ailure to disclose information required by Rule 26(a) or 26(e)(1) may subject the offending party or parties to sanctions pursuant to Rule 37, F.R.Civ.P." *Id.*

On September 12, 2016, Defendant filed its Rule 26(f) Report. [DE-11]. Defendant filed an individual report because Plaintiff's counsel failed to respond to certain revisions to the proposed discovery plan by the court's deadline. *Id.* at 1; [DE-12]. Defendant's report provided

in part: "Defendant proposes, and Plaintiff agrees, that the parties will exchange by September 19, 2016 the information required by Rule 26(a)(1)." [DE-11] at 1. On September 20, 2016, the court ordered Plaintiff's counsel to notify the court of Plaintiff's position as to Defendant's Rule 26(f) Report within 14 days. [DE-12]. Plaintiff's counsel did not respond with respect to Defendant's Rule 26(f) Report as ordered nor did Plaintiff file a separate Rule 26(f) Report. [DE-14]. The court entered its Scheduling Order on October 4, 2016, in which it directed that the parties' initial disclosures under Rule 26(a)(1) are due by October 18, 2016. *Id.* at 1. Plaintiff's counsel subsequently responded acknowledging that Defendant's Rule 26(f) Report was "acceptable to the Plaintiff." [DE-15].[1]

On November 10, 2016, Defendant's counsel sent Plaintiff's counsel a letter reminding him of the deadline to make initial disclosures and advising that Defendant had not received Plaintiff's initial disclosures. Ex. A [DE-18-1]. The letter to Plaintiff's counsel appears to have been mailed to an address which differs from the current record address of Plaintiff's counsel. According to its briefing, however, Defendant's counsel followed the letter with voice-mail messages to Plaintiff's counsel. [DE-18] at 3-4. On February 15, 2017, Defendant's counsel wrote to Plaintiff's counsel by e-mail and requested Plaintiff make his initial disclosures. Ex. B [DE-18-2].[2]

On March 1, 2017, not having received Plaintiff's Rule 26(a)(1) initial disclosures, Defendant filed its motion to compel. [DE-17]. Plaintiff did not respond to Defendant's motion.

---

[1] Plaintiff's counsel indicates he did not receive the court's September 20 Order until October 3, after it was forwarded to him from his former address. [DE-15]. Counsel indicates he has updated his mailing address on PACER. *Id.*

[2] The e-mail address appears to be current.

2

## COURT'S DISCUSSION

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, "a party must, without awaiting a discovery request, provide to the other parties" certain information including identities of individuals with discoverable information, copies or descriptions of relevant documents, and a computation of alleged damages. The rule exempts certain types of proceedings, none of which is applicable here. *See* Fed. R. Civ. P. 26(a)(1)(B). The rule provides further that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E). The requirement of initial disclosures "seeks to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." *Long v Libertywood Nursing Ctr.*, No. 1:13CV315, 2014 WL 3696257, at *2 (M.D.N.C. July 23, 2014) (unpublished) (citations and quotation marks omitted). "Voluntary disclosures streamline discovery and thereby avoid the practice of serving multiple, boilerplate interrogatories and document requests, which themselves bring into play a concomitant set of delays and costs." *Id.* (citations and quotation marks omitted).

Under Rule 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Thus, when a party fails to make its initial disclosures, a court may order compliance with the rule. *See AMEC Env't & Infrastructure, Inc. v. Structural Assocs., Inc.*, No. 7:13-CV-21-BO, 2014 WL 4084491 (E.D.N.C. Aug. 8, 2014) (unpublished); *Pledger v. UHS-Pruitt Corp.*, No. 5:12-CV-484-F, 2013 WL 5603259 (E.D.N.C. Oct. 11, 2013) (unpublished); *Smith v. Coulter*, No. 5:11-CV-736-BO, 2013 WL 1498962 (E.D.N.C. Apr. 11, 2013) (unpublished). Here, Plaintiff failed to make initial

3

disclosures by the deadline to which the parties agreed, by the court-ordered deadline, or any time since those deadlines passed. Additionally, it appears Defendant's counsel attempted to confer with Plaintiff's counsel to resolve this matter without involving the court but has received no response. *See* Fed. R. Civ. P. 37(a)(1) (requiring certification of efforts to resolve non-disclosure before filing motion to compel). Although there appears to be a discrepancy in the address to which counsel's November 10 letter may have been mailed, there appears to be no such issue with counsel's several other attempts to confer. Accordingly, Defendant's motion to compel is ALLOWED and Plaintiff is hereby ordered to make his Rule 26(a)(1) initial disclosures no later than **April 21, 2017**.

Defendant also asks the court to impose financial sanctions on Plaintiff for failure to make timely initial disclosures. In accordance with Rule 37, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(c)(1) (stating that if a party fails to provide initial disclosures, "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions"). The rule applies even "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Plaintiff is ordered to show cause in writing to the court no later than **April 21, 2017**, why he should not be required to pay reasonable expenses, including attorney's fees, that Defendant has incurred in filing the motion to compel. *See Coulter*, 2013 WL 1498962, at *2.

4

## CONCLUSION

Defendant's motion to compel [DE-17] is ALLOWED. Plaintiff is ORDERED to provide his Rule 26(a)(1) initial disclosures to Defendant no later than **April 21, 2017**. Further, Plaintiff is ORDERED TO SHOW CAUSE in writing to the court no later than **April 21, 2017**, why he should not have to pay the reasonable expenses, including attorney's fees, that Defendant has incurred in filing the motion to compel.

So ordered the 7th day of April 2017.

Robert B. Jones, Jr.
United States Magistrate Judge